United States District Court
Southern District of Texas
**ENTERED**
October 20, 2016
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MARTIN MARTINEZ-CARDENAS, | § | |
| Movant, | § | |
| | § | |
| | § | |
| v. | § | Case No. 1:14-cv-22 |
| | § | |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**<u>MAGISTRATE JUDGE'S</u>
<u>REPORT AND RECOMMENDATION</u>**

Before the Court is Martin Martinez-Cardenas's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Martinez-Cardenas's "Motion" or "§ 2255 Motion"). Dkt. No. 1. It is recommended that Martinez-Cardenas's § 2255 Motion be dismissed with prejudice.

**I. Jurisdiction**

This Court has jurisdiction over Martinez-Cardenas's Motion pursuant to 28 U.S.C. § 1331 and § 2255.

**II. Background and Procedural History**

On October 16, 2012, Martinez-Cardenas pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been

convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). *See United States of America v. Martin Martinez-Cardenas*, No. 1:12-cr-855-1, CR Dkt. No. 23.[1]  On January 24, 2013, United States District Judge Randy Crane sentenced him to 46 months of imprisonment, and no term of supervised release. CR Dkt. No. 33 at 8.  Judgment was entered on February 2, 2013.  CR Dkt. No. 23. Martinez-Cardenas did not file a direct appeal or a petition for writ of certiorari in the United States Supreme Court.  Dkt. No. 1 at 2.

On or about January 31, 2014, Martinez-Cardenas filed his timely instant Motion.  Dkt. No. 1.[2]  In his Motion, Martinez-Cardenas raised multiple ineffective assistance of counsel claims wherein he alleges that certain deficiencies were not brought on appeal because his trial counsel failed to file an appeal.  *See* Dkt. No. 1.

On August 4, 2016, the Court issued an Order to Show Cause which noted that Martinez-Cardenas had been released from Bureau of Prisons custody.  Dkt. No. 26.  The Court informed Martinez-Cardenas of his duty to update his address and ordered him to inform the Court as to whether he wished to proceed with his claims in light of his release from custody.  *Id.*  The Clerk mailed Martinez-Cardenas a copy of that Order via Certified Mail, return receipt requested.  Dkt. No.

---

[1]  Hereinafter, Martinez-Cardenas's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2]  Martinez-Cardenas certified that he placed his Motion within the prison mailing system on June 4, 2014. Dkt. 1 at 14. As his conviction did not become final until July 16, 2013, 90 days after the Fifth Circuit dismissed his appeal, the Motion is timely. Thus, this Court applies the mailbox rule. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to prisoner proceedings under 28 U.S.C. § 2255).

27. A Certified Return Receipt was returned as undeliverable, and Martinez-Cardenas has not otherwise responded to the Order to Show Cause. Dkt. No. 28.

## III. Legal Standards

### A. 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. Discussion

Rule 41 of the Federal Rules of Civil Procedure states that if a plaintiff fails to comply with a court order, dismissal of the action is proper, and that the dismissal acts as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). Despite Rule 41(b) contemplating dismissal upon defendant's motion, a Court has the power

to dismiss sua sponte. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *McNeal v. Papasan*, 842 F.2d 787, 789 (5th Cir. 1988) (under Rule 41, a district court may decide whether dismissal is appropriate sua sponte, and the decision will be upheld unless the decision was an abuse of discretion).

The Court became aware that Martinez-Cardenas had been released from custody of the Bureau of Prisons but had not updated his address or otherwise inquired into the status of his case. *See* Dkt. No. 26. This indicated to the Court that Martinez-Cardenas may have no desire to continue prosecuting his claims. The Court issued an Order to Show Cause to ascertain whether Martinez-Cardenas wished to continue prosecuting his claims. *Id.* The Court verified that Martinez-Cardenas provided the United States Marshals Service an address for him in Mexico, and the Court ordered the Clerk's Office to send the Order to that address. *See id.* Delivery cannot be confirmed, but Martinez-Cardenas's deadline to Show Cause lapsed. *See* Dkt. Nos. 26; Dkt. Minute Entry on August 26, 2016. Therefore, as Martinez-Cardenas has not updated his address or otherwise advised the Court as to whether he wishes to continue prosecuting his claims, Martinez-Cardenas's claims should be dismissed pursuant to Rule 41(b) for failing to abide by the Court's Order to Show Cause and failing to prosecute his claims.

## VI. Recommendation

It is recommended that Martinez-Cardenas's § 2255 Motion be dismissed

with prejudice.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 20th day of October, 2016.

**Ignacio Torteya, III**
**United States Magistrate Judge**